**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 4 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTWOINE MARQUISE BEALER, | No. 16-16582 |
| Plaintiff-Appellant, | D.C. No. 1:12-cv-01516-DAD-EPG |
| v. | |
| R. BRANNUM; S. RIOS, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Dale A. Drozd, District Judge, Presiding

Submitted April 2, 2019[**]

Before:    WALLACE, FARRIS, and TROTT, Circuit Judges.

Antwoine Marquise Bealer, a California state prisoner, appeals pro se from

the district court's judgment following a jury verdict against Bealer in his 42

U.S.C. § 1983 action alleging claims related to defendants' alleged use of

excessive force.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly screened and dismissed Bealer's claims against the warden, the associate warden, nurse Torricer, and Sergeant Epperson because Bealer failed to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A; *Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011) (court reviews de novo dismissals under 28 U.S.C. § 1915A); *see also Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1248 (9th Cir. 2016) (requirements for deliberate indifference claim); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012) (requirements for cruel and unusual punishment claim); *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (requirements for supervisory liability).

The district court did not abuse its discretion by denying Bealer's motions for injunctive relief related to Bealer's allegations that he had limited access to the law library and his legal materials because Bealer failed to establish that absent such relief he is likely to suffer irreparable harm. *See Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008) (setting forth standard for issuance of preliminary injunction).

The district court did not abuse its discretion in its discovery orders. *See Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1093 (9th Cir. 2003) (district courts are vested with "broad discretion to permit or deny discovery"). Contrary to Bealer's contention, the district court afforded him multiple and ample opportunities to participate in discovery, including depositions.

We reject, as unsupported by the record, Bealer's allegations regarding juror bias. Bealer contends that certain jurors were biased against him based solely on the fact that the jurors had friends or relatives who were employed in law enforcement at some time. However, this is insufficient to demonstrate bias. *Cf. Tinsley v. Borg,* 895 F.2d 520, 529 (9th Cir. 1990) ("We will not presume bias merely because a juror works in law enforcement[.]"); *see also Fields v. Brown,* 503 F.3d 755, 767 (9th Cir. 2007) (en banc) ("The determination of whether a juror is actually biased is a question of fact, that we review for manifest error or abuse of discretion." (internal citations and quotations omitted)).

We reject Bealer's contentions that he was prejudiced by the requirement to wear ankle restraints during trial because the district court took appropriate measures to conceal the restraints from the jury, and Bealer does not contend that the jury was aware of the restraints. *See Williams v. Woodford*, 384 F.3d 567, 592-93 (9th Cir. 2004) (no prejudice resulting from shackles not visible to jury).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009); *see also Greenwood v. FAA*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

All pending motions are denied.

**AFFIRMED.**